UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALFONSO VASQUEZ-AYALA,<br><br>    Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO.   C05-209-MJP-MJB<br>                 (CR03-174P)<br><br>REPORT AND RECOMMENDATION |

### INTRODUCTION

Petitioner has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner raises a sole claim based upon *United States v. Booker*, 125 S. Ct. 738 (2005). The government has filed a response, arguing that *Booker* does not apply retroactively to case on collateral review, and petitioner has filed a reply. After careful review of the parties' briefs, the court concludes that the government is correct in its argument, and petitioner's motion should be dismissed.

### PROCEDURAL HISTORY

Following his arrest for participating in a ring that collected debts related to drug trafficking, petitioner pled guilty on October 8, 2003 to one count of kidnapping and one count of hostage-taking. (Doc. #82 in Case No. CR03-174). He was sentenced on January 27, 2004 to 78 months of imprisonment and three years of supervised release. (Doc. #102 in Case No. CR03-174). Petitioner did not file a direct appeal.

REPORT AND RECOMMENDATION
PAGE 1

1  Petitioner filed the instant motion under § 2255 on February 2, 2005.  (Doc. #1).  On
2  September 6, 2005, the government filed its response.  (Doc. #6).  On October 5, 2005, petitioner
3  filed a reply.  (Doc. #8).  The matter is now ready for review.

4  DISCUSSION

5  In his § 2255 motion, petitioner raises a single claim for relief.  He argues that his Sixth
6  Amendment rights were violated when the court used factors to enhance his sentence which had
7  not been found by a jury nor admitted by him.  (Doc. #1 at 3).  For support, petitioner relies upon
8  the Supreme Court decision in *United States v. Booker*, 125 S. Ct. 738 (2005).

9  In its response, the government argues first that *Booker* does not apply retroactively to
10 cases, such as this, on collateral review.  In addition, the government argues that even if *Booker*
11 applied, petitioner's claim is procedurally defaulted because he failed to raise it at the time of
12 sentencing or on direct appeal.  In his reply, petitioner maintains that his *Booker* claim is properly
13 before the court because the rule announced therein is a "substantive" rule, which under Supreme
14 Court precedent, should be given retroactive effect.  (Doc. #8 at 2, *citing Bousley v. United*
15 *States*, 523 U.S. 614, 620 (1998)).

16 The Supreme Court has not addressed whether *Booker* applies retroactively.  However,
17 the Ninth Circuit, and all other circuit courts that have considered the question, has held that
18 *Booker* does not apply retroactively to cases on collateral review.  *See United States v. Cruz*, 423
19 F.3d 1119 (9th Cir. 2005).  In so holding, the Ninth Circuit specifically found that the *Booker* rule
20 was not substantive.  *Id.* at 1120.  Thus, petitioner may not rely upon *Booker* here, and his § 2255
21 motion should be dismissed.  Because the court finds that the government's position on the
22 retroactivity question is correct, it is unnecessary to address the government's alternative
23 argument based upon procedural default.

24 CONCLUSION

25 For the foregoing reasons, the court recommends that petitioner's motion under 28 U.S.C.
26 § 2255 to vacate, set aside, or correct his sentence, be dismissed.  A proposed Order reflecting

REPORT AND RECOMMENDATION
PAGE 2

1  this recommendation is attached.

2  DATED this 7th day of December, 2005.

*[signature]*

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE 3